NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251117-U

NO. 4-25-1117

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 14, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Ogle County |
| QUINTON LAMAR HORTON, | ) | No. 25MT387 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Anthony W. Peska, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justice Knecht concurred in the judgment.
Justice Doherty specially concurred.

**ORDER**

¶ 1     *Held:*   The appellate court reversed defendant's convictions and remanded for a new trial because the trial court failed to comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984).

¶ 2     In July 2025, the State filed a four-count information against defendant, Quinton Lamar Horton, which contained the following charges: driving on a revoked license (625 ILCS 5/6-303(a) (West 2024)) (count I), reckless driving (*id.* § 11-503(a)(1)) (count II), unlawful driving on the left side of the road (*id.* § 11-706(a)(2)) (count III), and failure to reduce speed (*id.* § 11-601(a)) (count IV). In October 2025, the trial court conducted a bench trial, at which defendant represented himself and was convicted of each of the charges against him. The court later sentenced him to 12 months of conditional discharge and 30 days in the Ogle County jail.

¶ 3     Defendant appeals, arguing, in part, that this court should vacate his conviction because the trial court did not comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984)

when defendant waived his right to counsel.

¶ 4    The State concedes that defendant is entitled to a new trial because the trial court did not comply with Rule 401. We accept the State's concession, reverse defendant's convictions, and remand this case for a new trial.

¶ 5    Because we accept the State's concession, we need not address the other arguments defendant raises regarding the trial court proceedings in this case.

¶ 6                                    I. BACKGROUND

¶ 7    In May 2025, the State charged defendant by citation with driving on a revoked license (625 ILCS 5/6-303(a) (West 2024)) (count I) and failing to reduce speed/driving too fast for conditions (*id.* § 11-601(a)) (count II). Later that month, the trial court arraigned defendant on those charges and informed him of the various rights he possessed, including the right to be represented by an attorney. At that hearing, the prosecutor indicated that he believed defendant was represented by counsel but that counsel could not be present that day. The court continued the matter for appearance of counsel.

¶ 8    In July 2025, the State filed a four-count information against defendant, which contained the following charges: driving on a revoked license (*id.* § 6-303(a)) (count I), reckless driving (*id.* § 11-503(a)(1)) (count II), unlawful driving on the left side of the road (*id.* § 11-706(a)(2)) (count III), and failure to reduce speed (*id.* § 11-601(a)) (count IV). Later that month, when defendant appeared on the information, he informed the trial court that the lawyer he thought would be representing him had declined to do so. The court then proceeded to arraign defendant on the information and again informed him that among the rights he possessed was the right to be represented by counsel. The court then continued the matter to give defendant the opportunity to hire a different attorney.

¶ 9 In August 2025, at the next hearing, defendant informed the trial court that he had not hired an attorney and was not planning on doing so. The following discussion then occurred:

"[THE COURT]: Did you get anybody hired?

THE DEFENDANT: No, Your Honor.

THE COURT: Okay. What are we going to do on this case? Still planning on hiring somebody?

THE DEFENDANT: No. We can set a trial date, sir. That's fine.

THE COURT: Do you want to represent yourself at a trial?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. You understand a lawyer might help you greatly in this matter. They know the law. I have to hold you to the same standard I hold attorneys to.

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. You're over 18?

THE DEFENDANT: Yes, Your Honor.

THE [COURT]: And you just want to do a trial now; correct?

THE DEFENDANT: Correct.

THE COURT: Perfect.

You have the right to a trial. It could be in front of a judge or a jury. Did you know which way you wanted to go?

THE DEFENDANT: Bench trial.

THE COURT: Bench trial.

THE DEFENDANT: Yeah.

THE COURT: All right. Has anybody threatened you or promised you anything to get you to waive your right to have a jury brought in and decide by a unanimous verdict your guilt or innocence?

THE DEFENDANT: No, Your Honor.

THE COURT: But you want to have a judge decide?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. I'll have you sign this form down here. Sorry. There should be a form here—

MS. VOSS [(ASSISTANT STATE'S ATTORNEY)]: There is.

THE COURT: —that has a note that you're pleading not guilty and demanding a trial by judge. We'll get that, and then we'll get you a trial set.

THE DEFENDANT: Okay. Thank you, Your Honor.

And all of discovery, how would I receive that? I don't have an email address.

THE COURT: Well, I would suggest you set one up. They're free.

THE DEFENDANT: Is there any way I could pick it up?

THE COURT: Sure. We'll get to that. Sign that form if you want to have a bench trial.

All right. [Defendant], that's your signature?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. Can I have you sign up here on the defendant line there just because you signed in the conditional discharge revoking probation rather than the other one. Just sign it again.

THE DEFENDANT: I was going to say we can do it over. I thought she was signing something.

THE COURT: No. No. We're good.

All right. I'll consider that a voluntary waiver of your right to a jury trial. We could set this matter for bench trial, but since you haven't had discovery yet, what I'd like to do is I'd like to set it for another month out.

THE DEFENDANT: Okay."

¶ 10 In October 2025, the trial court conducted a bench trial at which defendant represented himself. At that trial, the State called three witnesses, who testified about the auto accident in which defendant was involved. Their testimony showed that defendant was driving northbound behind two other vehicles on a two-lane highway, and, as the vehicles approached an intersection, one of the vehicles, a Kia, slowed down to make a left-hand turn at the intersection. Defendant pulled into the southbound lane, failed to reduce his speed, and collided with the Kia, which was turning left. Defendant's vehicle struck the Kia near the driver's door and the rear door on the driver's side, causing the Kia's airbag to activate and driving the Kia into a sign across the highway. The driver of the Kia suffered some minor injuries and needed to climb out of his vehicle through the front passenger's door.

¶ 11 The trial court also received into evidence a certified copy of defendant's driver's license abstract that showed that defendant's license was revoked.

¶ 12 The trial court found defendant guilty of all four counts and later sentenced him to 12 months of conditional discharge and 30 days of incarceration in the Ogle County jail.

¶ 13 This appeal followed.

¶ 14 II. ANALYSIS

¶ 15    Defendant appeals, arguing, in part, that this court should vacate his conviction because the trial court did not comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) when defendant waived his right to counsel.

¶ 16    As we earlier noted, the State appropriately conceded that defendant is entitled to a new trial because the trial court did not comply with Rule 401. We accept the State's concession, reverse defendant's convictions, and remand this case for a new trial.

¶ 17    Again, because we accept the State's concession, we need not address the other arguments defendant raises regarding the trial court proceedings in this case.

¶ 18    Defendant acknowledges the State's concession that his convictions need to be reversed but argues that this court should not remand for a new trial. In support of this request, defendant cites *People v. Campbell*, 224 Ill. 2d 80, 87-88 (2006), in which the supreme court, in a somewhat similar case, concluded that on the particular facts of that case, a new trial would be "neither equitable nor productive." However, we decline defendant's request.

¶ 19    Although the defendant in *Campbell* was charged with driving with a suspended license (625 ILCS 5/6-303(a) (West 2004)), similar to the charge in this case of driving with a revoked license, the supreme court's decision in *Campbell* contains no reference to dangerous driving, as occurred in the present case, in which a victim was injured due to defendant's reckless driving. That factor may arguably be enough to distinguish this case from *Campbell*.

¶ 20    We also note the views expressed by our distinguished colleague, Justice Ann Jorgensen of the Second District Appellate Court, in *People v. Vázquez*, 2011 IL App (2d) 091155, ¶ 21, a case in which the defendant's convictions for harboring a minor and contributing to the delinquency of a minor were reversed because of the trial court's failure to comply with Rule 401(a). In *Vázquez*, Justice Jorgensen wrote the following:

"There is nothing inequitable in allowing the State the opportunity to obtain convictions for wrongdoing, even if the court is ultimately unable to impose any additional penalty. A criminal conviction means something. Its presence in a criminal history has value to the State in its role as prosecutor. The presence or absence of a criminal conviction may be a factor in charging a potential defendant. It may impact whether a plea agreement is offered and certainly will impact the nature of the offer." *Id.*

See also *People v. Nemec*, 2019 IL App (2d) 170382, ¶ 24, in which the Second District followed its earlier decision in *Vázquez*, noted that the defendant had pleaded guilty to DUI, and reiterated that " '[t]here is nothing inequitable in allowing the State the opportunity to obtain convictions for wrongdoing, even if the court is ultimately unable to impose any additional penalty.' " (quoting *Vázquez*, 2011 IL App (2d) 091155, ¶ 21).

¶ 21 However, this case contains a clearer, more direct, basis to distinguish it from *Campbell*. Namely, defendant in this case *has not* finished serving his sentence. The sentencing order is dated October 16, 2025, and defendant had until October 31, 2025, to turn himself in to begin serving his jail sentence. As a result, his 12 months of mandatory supervised release did not start until November 2025 and will not end until November 2026.

¶ 22 In concluding, we note—as we have regrettably noted in similar cases—that there is no excuse for the trial court's failure to comply with Rule 401 before accepting defendant's decision to represent himself. As the supreme court wrote in *Campbell*, "[t]he rules of this court are not suggestions; rather, they have the force of law, and the presumption must be that they will be obeyed and enforced as written." *Campbell*, 224 Ill. 2d at 87.

¶ 23 We also have suggested that when a trial court fails to comply with Rule 401, the

prosecutor should respectfully—but forcefully—point out this omission to the court instead of simply letting the failure stand.

¶ 24                                    III. CONCLUSION

¶ 25        For the reasons stated, we reverse the trial court's judgment and remand for a new trial.

¶ 26        Reversed and remanded.

¶ 26        JUSTICE DOHERTY, specially concurring:

¶ 27        I agree with the majority that defendant's convictions must be reversed for the reasons stated and that the matter should be remanded for a new trial. I also agree that this case is distinguishable from *Campbell* because defendant has not discharged his sentence. Consequently, the stated rationale for the supreme court's outright reversal in *Campbell* is absent here, and remand is appropriate.

¶ 28        I find it unnecessary to rely on cases like *Vázquez*, which attempt to distinguish *Campbell* on bases unrelated to its rationale, such as the "different character" of the conviction at issue. *Vázquez*, 2011 IL App (2d) 091155, ¶ 19. *Campbell* makes no mention of the character of the offenses being the reason for granting outright reversal. With one justice specially concurring, *Vázquez* concluded that *Campbell*'s use of the words " '[i]n this case,' *** read in context, would limit the decision to its facts." *Id.* ¶ 18 (quoting *Campbell*, 224 Ill. 2d at 87). However, *Vázquez*'s clipped quotation of *Campbell* seems to obscure the one fact the supreme court felt was important: "*In this case*, however, defendant has *already discharged his sentence*, and a new trial therefore would be neither equitable nor productive." (Emphases added.) *Campbell*, 224 Ill. 2d at 87.

¶ 27        I find *Vázquez* to be of questionable validity and am concerned that it presents a standardless basis for choosing not to follow *Campbell*. I would not rely upon it, especially because

here we need not do so.